IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                              No. CV 12-0901 JEC/LFG
                                                                CR 05-1375 JEC
                                                                 CR 06-1900 JEC

WILLIAM DAVIAU,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

      This matter is before the Court, *sua sponte* under rules 4(b), 11(a) of the Rules Governing Section 2255 Cases, on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR 05-1375 JC Doc. 102) filed on August 22, 2012. On July 2, 2008, the Court entered judgment (CR 05-1375 JC, Doc. 85) on Defendant's conviction and sentence. Defendant did not appeal the conviction or sentence. On June 5, 2009, he filed a first motion under 28 U.S.C. § 2255, which the Court dismissed with prejudice on December 3, 2009 (CR 05-1375 JC Doc. 99). More than two and one-half years later, Defendant filed this second § 2255 motion.

      Defendant's central assertion is that a recent Fourth Circuit decision interpreting *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), allows a collateral attack on his sentence. Specifically, Defendant argues that the decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), "forbids us from considering hypothetical aggravating factors when calculating [Defendant]'s maximum punishment." *Simmons*, 649 F.3d at 244. Implicit in Defendant's motion are the dual contentions that *Carachuri-Rosendo* retroactively applies to his sentence and that the *Simmons*

decision started a new one-year limitation period under § 2255(f)(3). Neither proposition is correct.

First, as the Court of Appeals for the Tenth Circuit noted in deciding whether a similar motion was a second or successive § 2255 motion, "[T]o support his position, [Defendant] relied on *Carachuri-Rosendo v. Holder*, --- U.S. ---, 130 S. Ct. 2577, 177 L. Ed. 2d 68 (2010), and *United States v. Rodriquez*, 553 U.S. 377, 128 S. Ct. 1783, 170 L. Ed. 2d 719 (2008), which he claimed represented a new change in the governing law. The district court, however, construed the filing as an unauthorized second or successive § 2255 motion and denied it rather than transfer it to this court in the interest of justice." *United States v. Baker*, 484 F. App'x 258, 259 (10th Cir. 2012) (citing 28 U.S.C. § 2255(h)). The Court of Appeals dismissed the defendant's appeal.

And second, even assuming for purposes of this order that the decision in *Carachuri-Rosendo* started a new one-year limitation period under § 2255(f)(3), Defendant's motion is untimely. "[Defendant]'s § 2255 motion sought to benefit from the Supreme Court's holding in *Carachuri*, which was decided June 14, 2010. Thus, he had one year from that date within which to file his motion. Because he did not file his motion until [August 22, 2012], the motion is untimely." *United States v. McNeill*, Nos. 03-40053-02-JAR, 11-4163-JAR, 2012 WL 33254, at *2 (D. Kan. Jan. 6, 2012); *and see Story v. United States*, Nos. 2:09-cv-51, 2:02-cr-22, 2012 WL 2128007, at *4 (E.D. Tenn. June 12, 2012) (same).

In accordance with the ruling in *United States v. Baker*, 484 F. App'x 258, 260, the Court will dismiss Defendant's unauthorized second or successive § 2255 motion for lack of jurisdiction. *And see In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (weighing factors announced in *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), before dismissing or transferring a second § 2255 motion). Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has

been denied a constitutional right. The Court will therefore deny a certificate of appealability. *See* rule 11(a); *United States v. Harper*, 545 F.3d 1230, 1223 (10th Cir. 2008) ("[D]ismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255' such that § 2253 requires petitioner to obtain a COA before he or she may appeal.").

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR 05-1375 JC Doc. 102) filed on August 22, 2012, is DISMISSED for lack of jurisdiction; a certificate of appealability is DENIED; and judgment will be entered.

_____
JOHN EDWARDS CONWAY
SENIOR UNITED STATES DISTRICT JUDGE